IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| PLAINTIFF, : | |
| : | Docket No.: 0644 3:21CR00017-1 |
| v. : | |
| : | |
| **JIBREEL RAY** : | |
| DEFENDANT. : | |
| : | |
| : | |

---

**SENTENCING MEMORANDUM OF DEFENDANT JIBREEL RAY**

---

**I.  JIBREEL'S BACKGROUND.**

Jibreel Ray just turned 22 years old. (DN 59 PSR at Page ID# 141.) He was born and raised in Louisville. (*Id.* at Page ID# 152, ¶¶ 52-55.) Jibreel's immediate family still resides in Louisville. (*Id.*) His parents never married. (*Id.*) Jibreel was raised by his mother and grandmother—Jibreel's father was absent from Jibreel's life when Jibreel was growing up. (*Id.*) Jibreel grew up in poverty in Louisville's west end. His childhood was "not the best." (*Id.* at ¶ 53.)

Still, Jibreel graduated from high school. (*Id.* at Page ID# 153, ¶ 61.) He is interested in taking college classes in the area of business. (*Id.* at ¶ 62.) Before his detention, Jibreel had created and operated Bag Talk Entertainment LLC, a business selling his "Bag Talk" line of clothing. (*Id.* at ¶ 63.) Jibreel registered his entity with the Kentucky Secretary of State. (*Id.*)

Jibreel does not have any noted mental health issues, but he does suffer from substance abuse. (*Id.* at ¶¶ 58-59.) Jibreel was introduced to prescription pain medication when he was

1

around 16 years old. (*Id.* at ¶ 59.) Jibreel was taking 5-10 pain pills a day before his detention, chasing the same high he felt the first time he took the medication. (*Id.*) He believes he would benefit from any substance abuse programs that may be available to him through the Bureau of Prisons. (*Id.*)

## II.   JIBREEL ACCEPTS RESPONSIBILITY FOR HIS ACTIONS.

Jibreel has plead guilty to possession of a firearm by a convicted felon. Specifically, Jibreel admits he had been convicted of a felony and was on felony diversion when, on November 13, 2020, he possessed a handgun at the Knob Creek Gun Range in Bullitt County, Kentucky. The Presentence Investigation Report indicates that Jibreel has "clearly accepted responsibility" for this offense, and that he has assisted authorities in investigating and prosecuting his own misconduct by timely notifying the authorities of his intention to plead guilty. (*Id.* at Page ID# 146, ¶¶ 29-30.)

## III.   THE PARTIES AND PROBATION AGREE ON THE BASE OFFENSE LEVEL, CRIMINAL HISTORY CATEGORY, AND RESULTING GUIDELINES RANGE.

Jibreel, the United States, and probation all agree the total offense level under federal sentencing guidelines should be 20:

| | | |
|---|---|---|
| **20** | = | base offense level under § 2K2.1(a)(4)(A), for unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) |
| **-3** | = | acceptance of responsibility under §§3E1.1(a) and 3E1.1(b) |
| 17 | = | Total Offense Level |

Likewise, in the course of negotiating the plea agreement, the parties had anticipated a criminal history category of III. The PSR computes a criminal history category of III. (*Id.* at Page ID# 148, ¶ 40.) This is consistent with the parties' expectations.

Finally, the parties and probation agree that applying a total offense level of 17 and a criminal history category of III results in a sentencing guidelines range of 30-37 months. (*Id.* at Page ID# 154, ¶ 70.)

**VIII. THE PARTIES AGREE THAT A SENTENCE OF 30 MONTHS IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO FULFILL THE PURPOSES OF 18 U.S.C. § 3553(a).**

The primary mandate of § 3553(a) is to impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in that section. 18 U.S.C. § 3553(a). Here, the parties agree a sentence of 30 months will accomplish that purpose. A 30 month sentence is within the recommended guidelines range. Probation has not identified any factors that would warrant a variance from the applicable guidelines range. (*Id.* at Page ID# 156, ¶ 85.)

Moreover, Jibreel has accepted responsibility for his actions and has cooperated with authorities in the prosecution of his misconduct. Jibreel is an intelligent young man. Navigating a difficult and impoverished childhood, he completed his high school degree and has developed a true interest in/track record of operating a clothing business. He has support from his immediate family, who live in Louisville and can serve as a resource for Jibreel upon his release. Jibreel has also expressed a desire to treat his substance abuse addiction. Finally, Jibreel has forfeited the firearm in question, and terms of supervised release can be imposed to provide additional safeguards upon his return to the community.

Taken together, all of the above factors support the sufficiency and reasonableness of a 30 month sentence.

## CONCLUSION

Defendant Jibreel Ray asks the Court to accept the parties' Rule 11(c)(1)(C) plea agreement and impose a sentence of 30 months.

3

Respectfully submitted,

*/s/ Philip M. Longmeyer*
Philip M. Longmeyer
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, Kentucky  40202
(502) 540-2314
philip.longmeyer@dinsmore.com
*Counsel for Jibreel Ray*

**CERTIFICATE OF SERVICE**

On October 4, 2021, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all counsel involved in this matter.  I also served this on the Probation Officer.

*/s/ Philip M. Longmeyer*
*Counsel for Jibreel Ray*

4